# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**
**CRIMINAL DIVISION**
VENUE: SAN FRANCISCO

UNITED STATES OF AMERICA,

V.

KWAN TSOI, HENRY NAVARRO, and
KELLY ECKER

CR 08 0419 WHA

E-filing

DEFENDANT.

## INDICTMENT

Title 18, U.S.C. §371- Conspiracy to Commit Marriage
Fraud and to Make a False Statement on an Immigration
Document

*FILED JUN 2 6 2008 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA*

INDICT

A true bill.

_____
Foreman

Filed in open court this ___ day of _____
2008

_____
Clerk

Bail, $ No process

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT  ☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

**FILED**
JUN 26 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### OFFENSE CHARGED

Count One: 18 U.S.C. §371 - Conspiracy

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

PENALTY:
Count One: 5 yrs imprisonment, $250,000 fine, 3 yrs SR, $100 special assessment

E-filing

### DEFENDANT - U.S.
▶ KELLY ECKER

DISTRICT COURT NUMBER
08    0419

WHA

### PROCEEDING

Name of Complaintant Agency, or Person (&Title, if any)
United States Department of State, Diplomatic Security Service
Department of Homeland Security, Immigration and Customs Enforcement

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☑ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under ▶

SHOW DOCKET NO.

MAGISTRATE CASE NO.
08-70343 BZ

Name and Office of Person Furnishing Information on THIS FORM
**JOSEPH P. RUSSONIELLO**
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y Allison Marston Danner
(if assigned)

### DEFENDANT

IS *NOT* IN CUSTODY
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶ _____
2) ☐ Is a Fugitive
3) ☑ Is on Bail or Release from (show District)
Northern District of California

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges  } ☐ Fed'l  ☐ State
If answer to (6) is "Yes", show name of institution _____

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed _____

DATE OF ARREST ▶ Month/Day/Year _____
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year _____

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT   Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____
Before Judge: _____

Comments:

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT ☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

---OFFENSE CHARGED---

Count One: 18 U.S.C. §371 - Conspiracy

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

PENALTY:
Count One: 5 yrs imprisonment, $250,000 fine, 3 yrs SR, $100 special assessment

E-filing

---DEFENDANT - U.S.---
► HENRY ALFONSO NAVARRO

FILED
JUN 2 6 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DISTRICT COURT NUMBER
08  0419

---PROCEEDING---

Name of Complaintant Agency, or Person (&Title, if any)
United States Department of State, Diplomatic Security Service
Department of Homeland Security, Immigration and Customs Enforcement

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☑ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under ►

SHOW DOCKET NO.

MAGISTRATE CASE NO.
08-70343 BZ

Name and Office of Person Furnishing Information on THIS FORM  JOSEPH P. RUSSONIELLO
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)  Allison Marston Danner

---DEFENDANT---

IS NOT IN CUSTODY
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ►

2) ☐ Is a Fugitive

3) ☑ Is on Bail or Release from (show District)
Northern District of California

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges    ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No   If "Yes" give date filed

DATE OF ARREST ►     Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ►    Month/Day/Year

☐ This report amends AO 257 previously submitted

---ADDITIONAL INFORMATION OR COMMENTS---

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:
Before Judge:

Comments:

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT  ☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**

**OFFENSE CHARGED**

Count One: 18 U.S.C. §371 - Conspiracy

18 U.S.C. § 982(a)(6)(A) - Forfeiture Allegation

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

**PENALTY:**
Count One: 5 yrs imprisonment, $250,000 fine, 3 yrs SR, $100 special assessment

E-filing

**DEFENDANT - U.S.**

KWAN TSOI

**DISTRICT COURT NUMBER**

CR 08 0419

**DEFENDANT** — WHA

**IS NOT IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**PROCEEDING**
Name of Complaintant Agency, or Person (&Title, if any)
United States Department of State, Diplomatic Security Service
Department of Homeland Security, Immigration and Customs Enforcement

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☑ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

MAGISTRATE CASE NO. 08-70343 BZ

**IS IN CUSTODY**
4) ☑ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges  ☐ Fed'l  ☐ State
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No
If "Yes" give date filed

DATE OF ARREST ▶  Month/Day/Year

Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶  Month/Day/Year

Name and Office of Person Furnishing Information on THIS FORM  **JOSEPH P. RUSSONIELLO**
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)  Allison Marston Danner

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT  Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:
Before Judge:

Comments:

1  JOSEPH P. RUSSONIELLO (CSBN 44332)
   United States Attorney

**E-filing**

FILED
JUN 26 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 08  0419 |
| Plaintiff, ) | |
| ) | VIOLATIONS: 18 U.S.C. § 371 – |
| v. ) | Conspiracy to Commit Marriage Fraud and to Make a False Statement on an Immigration Document |
| ) | |
| KWAN TSOI, ) | |
|    a/k/a Joyce Cai, ) | SAN FRANCISCO VENUE |
|    a/k/a Kwan Chu, ) | |
| HENRY NAVARRO, ) | |
|    a/k/a Michael Hamilton, ) | |
|    a/k/a Mark Hamilton, ) | |
| and ) | |
| KELLY ECKER, ) | |
| Defendants. ) | |

INDICTMENT

The Grand Jury charges:

BACKGROUND

At all times relevant to this Indictment:

1. According to the laws of the United States, a person who is not a U.S. citizen may adjust his or her immigration status based upon marriage to a U.S. citizen. The process consists of the following steps:

   a.   The non-citizen must first marry a U.S. citizen.

INDICTMENT                                  -1-

b.   The non-citizen and his or her spouse must then submit several forms and documents to the United States Bureau of Citizenship and Immigration Services (CIS), including Form I-130 (Petition for Alien Relative), Form I-485 (Application to Register Permanent Residence or Adjust Status), Form G-325A (Biographical Data), Form I-864 (Affidavit of Support), the marriage certificate, and a variety of other documents.

   i.   Form I-130 provides a warning to the citizen signing the form that "you may be imprisoned . . . for entering into a marriage contract for the purpose of evading any provision of the immigration laws."

c.   If a non-citizen and his or her spouse submits the necessary documents and pays the filing fees, he or she is entitled to a conditional work authorization card and a conditional "green card," which gives him or her conditional permanent residency for two years.

d.   Within the ninety-day period that immediately precedes the expiration of the conditional two-year period, the non-citizen and spouse must file Form I-751 (Joint Petition to Remove Conditional Basis of Alien's Permanent Residency Status) with CIS. After the filing of Form I-751, the non-citizen and the citizen-spouse are interviewed by immigration examiners to test whether the couple is living as husband and wife in a viable marriage. In addition, examiners look for documentary proof that the couple is living as husband and wife.

e.   If satisfied that the marriage has not been entered into for the purpose of evading the immigration laws, immigration officials then approve the petition and lift the non-citizen's conditional status, giving him or her a "green card," and making him or her an unconditional lawful permanent resident of the United States.

   i.   Form I-751 requires both spouses to certify, under penalty of perjury, that "the marriage was . . . not for the purpose of procuring an immigration benefit."

f.   A Permanent Resident Card ("green card"), issued to all persons who are lawful permanent residents of the United States, is valid for ten years. The card must then be renewed by the lawful permanent resident. A lawful permanent resident may then seek "naturalization," a process by which he or she can achieve U.S. citizenship.

\\

INDICTMENT                           -2-

**COUNT ONE:** (18 U.S.C. § 371 – Conspiracy to Commit Marriage Fraud and Conspiracy to Make False Statements on an Immigration Document)

2. Paragraph One is incorporated herein by reference.

3. Beginning on a date unknown, and continuing to on or about February 10, 2008, in the Northern District of California, and elsewhere, the defendants

> KWAN TSOI
> HENRY NAVARRO, and
> KELLY ECKER

and others known and unknown to the Grand Jury, did knowingly and intentionally conspire and agree to commit marriage fraud in violation of Title 8, United States Code, Section 1325(c), and did knowingly and intentionally conspire and agree that members of the conspiracy would falsely certify on documents required by the immigration laws that their marriages to non-citizens were not entered into for the purpose of procuring an immigration benefit, in violation of Title 18, United States Code, Section 1546(a).

### Overt Acts

4. As part of the conspiracy and to carry out its objects, the defendants and their co-conspirators committed or caused to be committed the following overt acts, among others, in the Northern District of California:

   a. On or about February 15, 2007, KWAN TSOI placed an advertisement in a Chinese-language newspaper that advertised a service "to find a citizen spouse so that you can stay in the U.S. . . . success guaranteed";

   b. On or about July 23, 2007, KWAN TSOI instructed Chinese-Citizen-1 to pay her $300 in order to discuss the possibility of his marriage to a U.S. citizen so that he could get a "green card";

   c. On or about August 1, 2007, KWAN TSOI told Chinese-Citizen-1 that her "service" would continue until he got his "10-year green card";

   d. On or about August 1, 2007, KWAN TSOI took $2500 in cash from Chinese-Citizen-1 in order to introduce him to two U.S. citizens who would be willing to marry him in exchange for money;

e. On or about August 1, 2007, KWAN TSOI introduced Chinese-Citizen-1 to two American citizens, KELLY ECKER and U.S.-Citizen-1 ("A.G."), who would be willing to marry him;

f. On or about August 1, 2007, KWAN TSOI told Chinese-Citizen-1 that the total cost to get his "ten-year green card" would be $30,000 and that $17,000 of that amount would go to the U.S. citizen he married;

g. On or about August 1, 2007, KWAN TSOI told KELLY ECKER and U.S.-Citizen-1 that the $17,000 "deal" was for a ten-year green card for Chinese-Citizen-1;

h. On or about August 1, 2007, Chinese-Citizen-1 picked U.S.-Citizen-1 to marry;

i. On or about October 10, 2007, KWAN TSOI instructed Chinese-Citizen-1 to deposit $3000 into a bank account whose number she provided to him so that he could get married to a U.S. citizen introduced to him by KWAN TSOI;

j. On or about October 10, 2007, KWAN TSOI told Chinese-Citizen-1 that he could not marry U.S.-Citizen-1 because she had already married someone else;

k. On or about October 17, 2007, KWAN TSOI met Chinese-Citizen-1 and KELLY ECKER at the Alameda County Clerk Recorder's Office so that Chinese-Citizen-1 could marry KELLY ECKER;

l. On or about October 17, 2007, at the Alameda County Clerk Recorder's Office, HENRY NAVARRO explained to Chinese-Citizen-1 and KELLY ECKER the marriage registration and ceremony process;

m. On or about July 3, 2007, HENRY NAVARRO acted as witness to a marriage between U.S.-Citizen-2 and Chinese-Citizen-2 in which both U.S.-Citizen-2 and Chinese-Citizen-2 listed their "residence" on the marriage license as an address which was, in fact, the business address of KWAN TSOI;

n. On or about September 24, 2007, HENRY NAVARRO acted as a witness to a marriage between U.S.-Citizen-3 and Chinese-Citizen-3 in which Chinese-Citizen-3 arrived in the United States seven days before the marriage.

INDICTMENT                           -4-

1  All in violation of Title 18, United States Code, Section 371.

2

3  FORFEITURE ALLEGATION      (18 U.S.C. § 982(a)(6)(A) – Forfeiture)

4     5.  Paragraphs One through Four of this Indictment are re-alleged and incorporated herein.

5     6.  Upon a conviction of the offense alleged in Count One above, defendant

6  KWAN TSOI

7  shall forfeit to the United States all property (real and personal) that constitutes, and is derived

8  from, and is traceable to the proceeds obtained directly and indirectly from the commission of the

9  offense of conviction; and all property (real or personal) used and intended to be used to

10 facilitate, the commission of the offense of conviction.

11    7.  If any of the aforementioned property, as a result of any act or omission of the defendant

12       a.  cannot be located upon the exercise of due diligence;

13       b.  has been transferred or sold to, or deposited with, a third person;

14       c.  has been placed beyond the jurisdiction of the Court;

15       d.  has been substantially diminished in value; or

16       e.  has been commingled with other property that cannot be divided without

17          difficulty;

18 any and all interest defendant have in other property (not to exceed the value of the above

19 forfeitable property) shall be vested in the United States and forfeited to the United States

20 pursuant to 18 U.S.C. § 982(a)(6)(A) and 21 U.S.C. § 853(p), as incorporated by Title 18, United

21 \\

22 \\

23 \\

24 \\

25 \\

26 \\

27 \\

28 \\

INDICTMENT                  -5-

1  States Code, Section 982(b)(1).

2

3  DATED:                              A TRUE BILL.
4  6-26-08
5                                      *(signature)*
                                        FOREPERSON
6
   JOSEPH P. RUSSONIELLO
7  United States Attorney

8
   *(signature)*
9  ─────────────────────
   KYLE F. WALDINGER
10 Deputy Chief, Major Crimes Section

11
   (Approved as to form: *(signature)* )
12                        AUSA DANNER

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INDICTMENT                        -6-